IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BASTION RESOURCES L.L.C., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-139 |
| | ) | |
| UNITED STATES OF AMERICA and | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| THE TREASURY, | ) | |
| | ) | |
| Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Mr. Alton Sharan Sapp initiated the above-captioned case *pro se* on behalf of Plaintiff Bastîon Resources L.L.C. and sought permission to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) On June 18, 2025, because Mr. Sapp is not an attorney and corporate entities cannot proceed *pro se* in federal court, the Court ordered Plaintiff to have an attorney enter a notice of appearance on its behalf within twenty-one days. (Doc. no. 6.) The Court also denied Plaintiff's IFP motion and directed him to pay the filing fee within twenty-one days because corporate entities may not proceed IFP. (See id.) The Court cautioned Plaintiff that failing to comply with the terms of the Order would result in a recommendation of dismissal of this action without prejudice. (Id. at 2.) The time to comply with the Court's June 18th Order has passed, and no attorney has made an appearance on Plaintiff's behalf, nor has Plaintiff paid the $405.00 filing fee.

A district court has authority to manage its docket to expeditiously resolve cases, and this

authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Hum. Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff failed to have an attorney enter a notice of appearance on its behalf or pay the filing fee within the time allotted by the June 18th Order. Instead, Plaintiff filed a "Motion to Defer Payment of Filing Fees," (doc. no. 7), and a "Motion for Limited *Pro Se* Recognition," (doc. no. 8).[1] Neither of these motions excuse Plaintiff's failure to follow the explicit instructions laid out in the Court's June 18th Order. (Doc. no. 6.) Nor do they alter the Court's conclusion that corporate entities cannot proceed *pro se* and IFP in federal court. (See id. (citing Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) and Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 196 (1993).) Moreover, Local Rule 4.2(2) directs that failure to pay the filing fee within twenty-one days of the Court's June 18th Order instructing him to do so should result in dismissal of the complaint. The Court further warned Plaintiff that failure to comply with the June 18th Order would result in a recommendation this case be dismissed. (Doc. no. 6, p. 2.) Finally, because Plaintiff requested

---

[1] Plaintiff also filed a number of other motions and filings, none of which alter the fact that Plaintiff failed to follow the Court's June 18th Order. (Doc. nos. 9, 10, 11, 12, 13, 14, 15, 16, 17.)

permission to proceed IFP and did not pay the filing fee when directed to do so, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

In sum, the time to comply has passed, and Plaintiff has not followed either instruction in the Court's June 18th Order.  No attorney has entered a notice of appearance Plaintiff's behalf, nor has Plaintiff paid the filing fee as required by Local Rule 4.2(2).  Therefore, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of July, 2025, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA